Morquecho-Saico v. Sessions

BIA
Verrillo, IJ
A205 722 317

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of August, two thousand seventeen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> JON O. NEWMAN,
> RICHARD C. WESLEY,
> > *Circuit Judges.*

_____

MANUEL LORENZO MORQUECHO-SAICO,
> *Petitioner,*

v.

JEFFERSON B. SESSIONS III, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

16-1519
NAC

_____

FOR PETITIONER: Gregory Osakwe, Hartford, CT.

FOR RESPONDENT: Chad A. Readler, Acting Assistant Attorney General; John S. Hogan, Assistant Director; Todd J. Cochran, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Manuel Lorenzo Morquecho-Saico, a native and citizen of Ecuador, seeks review of an April 19, 2016, decision of the BIA affirming an October 14, 2014, decision of an Immigration Judge ("IJ") denying Morquecho's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Manuel Lorenzo Morquecho-Saico,* No. A205 722 317 (B.I.A. Apr. 19, 2016), *aff'g* No. A205 722 317 (Immig. Ct. Hartford Oct. 14, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4); *Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

I.  Asylum & Withholding of Removal

"To establish eligibility for asylum and withholding of removal, an applicant must show persecution, or fear of persecution, on account of race, religion, nationality,

2

membership in a particular social group, or political opinion."
*Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014). "To succeed
on a particular social group claim, the applicant must establish
both that the group itself was cognizable, and that the alleged
persecutors targeted" or may target "the applicant on account
of his membership in that group." *Id.* (internal quotation marks
and citations omitted). A particular social group is cognizable
if it is "'(1) composed of members who share a common immutable
characteristic, (2) defined with particularity, and
(3) socially distinct within the society in question.'" *Id.* at
196 (quoting *In re M-E-V-G-*, 26 I. & N. Dec. 227, 227 (B.I.A.
2014)). To be "defined with particularity," the group must be
"'discrete and have definable boundaries—it must not be
amorphous, overbroad, diffuse, or subjective.'" *Id.* (quoting
*In re M-E-V-G-*, 26 I. & N. Dec. at 239). And, to be "'socially
distinct, a group need not be seen by society; rather, it must
be perceived as a group by society'" even if people cannot
"'identify the group's members on sight.'" *Id.* (quoting *In re
M-E-V-G-*, 26 I. & N. Dec. at 240).

Upon review, we conclude that the agency did not err in
finding that Morquecho-Saico's proposed particular social group
of "young Ecuadorian men who resist recruitment efforts by
criminal gang members" was not cognizable because it lacked the

3

requisite particularity and social distinction.  We have upheld the BIA's rejection of similar proposed groupings where, as here, a petitioner fails to offer evidence that individuals who oppose forced gang recruitment are viewed by the relevant society as a distinct group and the record is devoid of documentary evidence discussing the treatment of such individuals as compared to the rest of the relevant country's population.  *See, e.g.*, *Salazar v. Lynch*, 645 F. App'x 53, 56 (2d Cir. 2016).  Because Morquecho-Saico failed to provide any evidence that young Ecuadorian men who resist gang recruitment are viewed by Ecuadorian society as a distinct group, and the record is devoid of documentary evidence discussing the treatment of such individuals as compared to the rest of Ecuadorian society, the agency did not err in finding that Morquecho-Saico's proposed grouping was not cognizable.  *Id.; see also Paloka*, 762 F.3d at 195 ("the applicant must establish . . . that the group itself was cognizable").

Because the agency's determination that Morquecho-Saico failed to establish his membership in a particular social group is dispositive, we decline to consider the agency's alternative findings concerning sufficiency of past harm, nexus, well-founded fear of future persecution, and likelihood of future persecution.  *See INS v. Bagamasbad*, 429 U.S. 24, 25

4

(1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

II. CAT Relief

"A petitioner seeking CAT relief must demonstrate that it is more likely than not that she will be tortured if removed to her home country." *Meng v. Holder*, 770 F.3d 1071, 1076 (2d Cir. 2014) (internal quotation marks omitted). The agency did not err in determining that Morquecho-Saico failed to meet his burden for CAT relief.

Although Morquecho-Saico argues that the agency ignored his testimony that the police could not protect him from the gang members he feared because the nearest police station was 8 hours away from his village and his father's belief that Morquecho-Saico would risk physical harm if he returned, the record does not compellingly suggest that it was ignored because it was specifically referenced in the IJ's decision. *Cf. Chen v. Dep't of Justice*, 471 F.3d 315, 336 n.17 (2d Cir. 2006) ("we presume that an IJ has taken into account all the evidence before him, unless the record compellingly suggests otherwise."). Moreover, the agency did not clearly err in concluding that Morquecho-Saico did not demonstrate that he likely would be tortured given that he was not previously tortured, he had not

5

received any threats since throwing his mobile phone away in September 2012, he never saw the gang members who threatened him again, and his parents have remained in Ecuador unharmed. *See Huang v. Holder*, 677 F.3d 130, 134 (2d Cir. 2012) (""A determination of what will occur in the future and the degree of likelihood of the occurrence has been regularly regarded as fact-finding subject to only clear error review.").

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk