Castillo-Garcia v. Sessions

BIA
A089 082 710

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of June, two thousand eighteen.

PRESENT:
        JOSÉ A. CABRANES,
        GERARD E. LYNCH,
        CHRISTOPHER F. DRONEY,
            *Circuit Judges.*
_____

WILLIAMS CASTILLO-GARCIA, AKA
WILLIAMS CASTILLO,
        *Petitioner,*

        v.                                      **17-275**
                                                **NAC**
JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
        *Respondent.*
_____

**FOR PETITIONER:**            Michael P. Diraimondo, Melville,
                               NY.

**FOR RESPONDENT:**            Chad A. Readler, Acting Assistant
                               Attorney General; Claire L.
                               Workman, Jessica E. Burns, Senior
                               Litigation Counsel, Office of
                               Immigration Litigation, United

States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Williams Castillo-Garcia, a native and citizen of Honduras, seeks review of a December 29, 2016, decision of the BIA denying his motion to reopen. *In re Williams Castillo-Garcia,* No. A 089 082 710 (B.I.A. Dec. 29, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the BIA's denial of Castillo-Garcia's motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). Motions to reopen, including those based on ineffective assistance of counsel or changed country conditions, must establish the movant's prima facie eligibility for any relief sought. *See INS v. Abudu*, 485 U.S. 94, 104 (1988); *Poradisova v. Gonzales*, 420 F.3d 70, 78 (2d Cir. 2005) (changed country conditions); *Rabiu v. INS*, 41 F.3d 879, 882 (2d Cir. 1994) (ineffective assistance). The BIA did not abuse its discretion in denying reopening because Castillo-Garcia did not establish

2

his prima facie eligibility for asylum, withholding of removal, or CAT relief.

## I.  Asylum and Withholding of Removal

For asylum and withholding of removal, an "applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for" the claimed persecution.  8 U.S.C. §§ 1158(b)(1)(B)(i) (asylum), 1231(b)(3)(A) (withholding); *Matter of C-T-L*, 25 I. & N. Dec. 341, 346 (B.I.A. 2010) (extending "one central reason" standard to withholding of removal).

To constitute a particular social group, a group must be "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (B.I.A. 2014). To be "defined with particularity," the group must be "'discrete and have definable boundaries—it must not be amorphous, overbroad, diffuse, or subjective.'"  *Paloka v. Holder*, 762 F.3d 191, 196 (2d Cir. 2014) (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. at 239).  And, "[t]o be socially distinct, a group . . . must be perceived as a group by society."  *Matter of M-E-V-G-*, 26 I. & N. Dec. at 240.

Castillo-Garcia argues that his particular social group is defined by "his defiance of the gangs before he fled Honduras, as a young man targeted for recruitment, and extortion." Pet.'s Br. at 12. We have previously upheld the agency's conclusion that materially indistinguishable groups fail to meet the particularity and social distinction requirements "where, as here, a petitioner fails to offer evidence that individuals who oppose forced gang recruitment are viewed by the relevant society as a distinct group and the record is devoid of documentary evidence discussing the treatment of such individuals as compared to the rest of the relevant country's population." *Morquecho-Saico v. Sessions*, 696 F. App'x 34, 36 (2d Cir. 2017). Castillo-Garcia's country conditions evidence describes violence by gangs against the general population without distinguishing the treatment of young men. *See Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007) ("When the harm visited upon members of a group is attributable to the incentives presented to ordinary criminals rather than to persecution, the scales are tipped away from considering those people a 'particular social group.'"); *Melgar de Torres v. Reno*, 191 F.3d 307, 314 (2d Cir. 1999) (noting that "general crime conditions" do not

4

constitute persecution on account of a protected ground).

**II.  CAT Relief**

To demonstrate eligibility for CAT relief, an applicant must show "that it is more likely than not that he . . . would be tortured" in his country of removal.  8 C.F.R. § 1208.16(c)(2).  Torture is defined as harm "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity."  8 C.F.R. § 1208.18(a)(1); *see also id.* § 1208.18(a)(7) (defining "acquiescence").

The BIA did not abuse its discretion when it concluded that Castillo-Garcia had not made out a prima facie case for CAT relief. Castillo-Garcia has not been to Honduras since 2008 and has not provided any evidence that the gang members have attempted to contact him or his family members, who remain in Honduras.  Nor does he cite any objective evidence to support the assertion that gang members will remember his defiance or that officials will report his return to the gangs.

Because Castillo-Garcia's failure to establish his prima facie eligibility for relief is dispositive, we do not address the BIA's additional conclusion that he failed establish a material change in country conditions in

Honduras. *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."). And because Castillo-Garcia cannot show an entitlement to relief on the merits, he also cannot demonstrate the prejudice required to sustain an ineffective assistance of counsel claim.

For the foregoing reasons, the petition for review is DENIED.  Petitioner's request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court